IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JOE STANNER AGEE                                                    PETITIONER

VS.                                        CIVIL ACTION NO. 4:09CV118DPJ-FKB

DALE CASKEY                                                        RESPONDENT


## REPORT AND RECOMMENDATION

This matter is before the court on respondent Dale Caskey's motion to dismiss (docket

no. 5) pursuant to 28 U.S.C. § 2244(d).  Petitioner opposes the motion, and for reasons the

explained below, the undersigned recommends that the motion to dismiss be granted.

## FACTS AND PROCEDURAL HISTORY

In the fall of 2004, Agee was convicted of the sale of cocaine in the Circuit Court of

Jasper County, Mississippi.   On October 1, 2004, he was sentenced to an eight-year term of

imprisonment in the custody of the Mississippi Department of Corrections.  Thereafter, on

September 26, 2006, the Mississippi Court of Appeals affirmed Agee's judgment and sentence.

Agee v. State, 938 So. 2d 376 (Miss. App. 2006).  Agee declined to seek discretionary review by

the Mississippi Supreme Court as permitted by Rule 40 of the Mississippi Rule of Appellate

Procedure.

According to the documentation submitted in support of the motion to dismiss and not

contested by petitioner, Agee filed an "Application for Leave to Proceed in the Trial Court" on

June 12, 2008.  This application was denied on August 20, 2008.  In June of 2009, he filed a

second "Application for Leave to Proceed in the Trial Court," which was denied as a successive

writ on July 29, 2009.  Thereafter, on September 8, 2009, Agee filed in this court his current

petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

DISCUSSION

In his petition, Agee argues that the writ of habeas corpus should be granted because the indictment against him was facially flawed in violation of his Fifth Amendment rights. Respondent did not answer the petition, but instead has moved for dismissal, arguing that Agee's petition is untimely. In light of the court's conclusion that the respondent's motion should be granted, it will not address the substantiative issue presented in Agee's petition.

Turning to respondent's motion to dismiss, Caskey points to the revised 28 U.S.C. § 2244(d) as the basis for the motion. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Because Agee filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Agee's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B-D), respondent argues that Agee's petition is untimely. According to respondent, Agee had until October 10, 2007, to file his petition, and, instead, he filed it in this court on September 8, 2009. The court's review of the relevant dates demonstrates that respondent is correct.

As previously stated, the Court of Appeals affirmed Agee's judgment and sentence on September 26, 2006. By failing to seek discretionary review as provided by Rule 40, Agee "stopped the appeal process" and was unable, even if he had been so inclined, to pursue further direct review by either the Mississippi Supreme Court or by the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (internal quotations and citations omitted) ("If the defendant stops the appeal process before that point, [i.e., the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort], the conviction becomes final when the time for seeking further direct review in the state court expires."). As such, here, petitioner's conviction became final, and the statute of limitations for filing federal habeas relief began to run, on October 10, 2006, fourteen days after the Mississippi Court of Appeals affirmed. See M.R.A.P. 40(a) (allowing fourteen days to file a petition for rehearing in the state court after direct appeal is affirmed). Under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2),[1] Agee's application for a writ of habeas

---

[1]

Because Agee's two applications for post-conviction relief in the state court were filed after the deadline for filing his federal habeas petition in this court, they cannot serve to

corpus was due to filed in this Court by October 10, 2007. Instead, the petitioner filed his

petition for writ of habeas corpus on September 8, 2009. Thus, Agee's petition is untimely under

28 U.S.C. § 2244 and should be dismissed.[2]

## CONCLUSION

Accordingly, for the reasons stated above, respondent's motion to dismiss should be

granted**,** and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendation contained within this report and recommendation

within fourteen (14) days after being served with a copy shall bar that party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended,

effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d

1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the _5th_day of March, 2010.

---

toll the AEDPA's one-year statute of limitations. Scott v. Johnson, 227 F. 3d 260, 263 (5th
Cir. 2000) (state habeas application "did not toll the limitation period under § 2244(d)(2)
because it was not filed until after the period of limitation had expired") (emphasis in
original). Further, Agee has not cited any "rare and exceptional circumstances" which would
warrant equitable tolling. See Fisher v. Johnson, 174 F. 3d 719, 712 (5th Cir. 1999) (equitable
tolling of ADEPA's one-year limitation period is appropriate in "rare and exceptional
circumstances").

[2]

The court reaches this conclusion, despite Agee's assertion that the one-year statute of
limitation is inapplicable to his habeas petition because he has complained about the "denial of a
fundamental right." See Kiser v. Johnson,163 F.3d 326 (5th Cir. 1999) ("This issue is governed
by our decision in United States v. Flores, 135 F.3d 1000 (5th Cir.1998), in which we held that
the AEDPA's statute of limitations applies to all habeas petitions filed after the AEDPA went
into effect.").

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE