UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOE STANNER AGEE                                                                    PETITIONER

V.                                                        CIVIL ACTION NO. 4:09CV118 DPJ-FKB

DALE CASKEY                                                                         RESPONDENT

ORDER

This cause is before the Court on the Report and Recommendation of Magistrate Judge F. Keith Ball. Respondent filed a motion to dismiss Agee's petition for writ of habeas corpus with prejudice as untimely, and Agee opposed the motion. Judge Ball recommended granting Respondent's motion and dismissing Agee's petition. Agee did not file an objection, and the time to do so has now passed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Agee was convicted of the sale of cocaine in the Circuit Court of Jasper County, Mississippi, and sentenced to serve an eight-year term of imprisonment. The Mississippi Court of Appeals affirmed Agee's judgment and sentence on September 26, 2006. Agee did not seek review of the court of appeals' decision.

Judge Ball found that Agee's conviction became final when his time for seeking review of the court of appeals' decision expired on October 10, 2006, and his one-year limitations period began to run on that date.[1] As such, Agee's one-year expired on October 10, 2007. His federal habeas petition, filed on or about September 8, 2009, is untimely.

The Court finds that the Report and Recommendation of Magistrate Judge F. Keith Ball should be adopted as the opinion of this Court. Respondent's motion to dismiss is granted.

IT IS, THEREFORE, ORDERED that the unopposed Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 21st day of April, 2010.

             s/ *Daniel P. Jordan III*
             UNITED STATES DISTRICT JUDGE

---

[1] Agee filed two applications for post-conviction relief in state court in June 2008 and June 2009. Because both applications were filed after the deadline for filing his federal habeas petition, these applications do not toll the AEDPA's one-year statute of limitation.